THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re

SOMMER M. MCDUFFY,

Debtor.

CHAPTER 13

CASE NO. 2-22-BK-05553-EPB

**STIPULATED ORDER CONFIRMING AMENDED CHAPTER 13 PLAN**

The Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
| --- | --- |
| 1-2 | $380.00 |
| 3-4 | $0.00 |
| 5-7 | $380.00 |
| 8-8 | $390.00 |
| 9-10 | $0.00 |
| 11-60 | $482.00 |

- 1 -

The payments are due on or before the 21st day of each month commencing September 21, 2022. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtors will provide a copy of the 2022 through 2026 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.bkdocs.us.

(2) Other Property. In the event that other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500.00. Counsel received $50.00 prior to filing this case and will be paid $4,450.00 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

(a) None.

(3) Claims Secured by Personal Property:

  (a) Family Loan Company, Inc., secured by a lien in a 2013 Lincoln MKZ, shall be paid a secured claim of 13,065.27 with 5.750% interest. The creditor will receive adequate protection payments of $150.00 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

  (a) Arizona Department of Revenue shall be paid an unsecured priority claim of $25.06 with no interest for income taxes.

(5) Surrendered Property:

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

  (a) None.

(6) Other Provisions:
  (a) The case shall be confirmed, but the Debtor's interest in the asset known as child support remains property of the estate. The Debtor believes the asset is uncollectable. However, should the Debtor ever receive proceeds attributable to the child support, she is to contact her attorney and provide documentation of the child support order and the award to the Trustee. The Trustee will then withdraw his objection to the exemption and Debtor will be allowed to collect the child support proceeds as exempt property.

- 3 -

In re McDuffy
Case No. 2-22-BK-05553-EPB

(b) Due to the Debtor's interest in non-exempt assets, before the Plan may be deemed complete and the Debtor granted a discharge, the Plan must pay a minimum of $3,929.34 to non-priority, non-administrative, unsecured claims. The debtor has accounted for the 2022 Income Tax Refund in the BICT amount.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee

_____
Tom McAvity
Attorney for Debtors

- 4 -

In re McDuffy
Case No. 2-22-BK-05553-EPB

*Bradley J. Stevens* (signature)
Bradley J. Stevens
Assistant Attorney General
Attorney for the State of Arizona
ex rel. Arizona Department of Revenue

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
SOMMER M MCDUFFY, Debtor

- 5 -

In re McDuffy
Case No. 2-22-BK-05553-EPB

_____
Bradley J. Stevens
Assistant Attorney General
Attorney for the State of Arizona
ex rel. Arizona Department of Revenue

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*/s/ Sommer M*
_____
SOMMER M MCDUFFY, Debtor

- 5 -

In re McDuffy
Case No. 2-22-BK-05553-EPB

Case 2:22-bk-05553-EPB    Doc 31    Filed 08/16/23    Entered 08/16/23 11:16:22    Desc
Main Document    Page 6 of 6